UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID CLAYTON,<br><br>    Plaintiff,<br><br>        v.<br><br>BALLARD, et al.,<br><br>    Defendants. | CAUSE NO. 3:24-CV-922-JD-JEM |

OPINION AND ORDER

David Clayton, a prisoner without a lawyer, filed a complaint against Dr. Ballard and Regional Director of Mental Health Dr. Verdon because he is unhappy with the mental health treatment he has received at the Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Clayton alleges that, in March 2022, he sought help from mental health staff because he had homicidal thoughts. Since then, he has sought help in dealing with homicidal and suicidal thoughts repeatedly. Dr. Ballard believes Clayton is attempting to manipulate his housing assignment so that he is not in general population and can

avoid his debts and problems. Dr. Ballard has regularly communicated with Regional Director of Mental Health Dr. Verdon about Clayton's claims that he has both suicidal and homicidal thoughts. Clayton alleges that neither Dr. Ballard nor Dr. Verdon have taken steps to address his suicidal and homicidal thoughts. Clayton reports that he has attempted suicide by overdosing on methamphetamines and K2 on numerous occasions, and that he has been found guilty of weapons related conduct reports. He has been found guilty of assaulting staff four times. In January 2025 he is scheduled to transition to general population. He is afraid he will act on his homicidal thoughts once he is in general population. He seeks monetary damages and a court order that he be placed in a mental health unit.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical

2

professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Giving Clayton the benefit of all favorable inferences, as this court must at this stage of the case, he has stated a claim against Dr. Ballard and Dr. Verdon for being deliberately indifferent to his serious medical needs. In addition, the Clerk will be directed to add the Warden of the Miami Correctional Facility as a defendant, and Clayton will be granted leave to proceed against the warden in his official capacity for injunctive relief to receive constitutionally adequate mental health treatment to address his suicidal and homicidal thoughts. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

As a final matter, Clayton's request for a preliminary injunction ordering that he be placed in a mental health unit must be addressed. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Here, Clayton asks the court to order that he be transferred to a mental health unit. He is entitled only to adequate medical care as required by the Constitution. There may be multiple methods of providing this care, and Clayton cannot dictate how it is provided.

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

4

*Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, injunctive relief – if granted – would be limited to requiring that Clayton be provided with constitutionally adequate medical care for his condition, as required by the Eighth Amendment. Clayton's request for preliminary injunctive relief will be taken under advisement. The Warden will be required to respond to the motion and Clayton will have an opportunity to file a reply.

For these reasons, the court:

(1) DIRECTS the Clerk to add the Warden of the Miami Correctional Facility in his official capacity as a defendant;

(2) GRANTS David Clayton leave to proceed against the Warden of Miami Correctional Facility in his official capacity for injunctive relief to provide constitutionally adequate mental health treatment for his suicidal and homicidal thoughts, as required by the Eighth Amendment;

(3) GRANTS David Clayton leave to proceed against Dr. Ballard and Dr. Verdon in their individual capacities for compensatory and punitive damages for deliberate indifference to David Clayton's mental health needs, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden of the Miami Correctional Facility at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Ballard and Dr. Verdon at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(7) DIRECTS the Clerk to fax or email a copy of the request for waiver of service, this order, and the complaint (ECF 1) to the Warden of the Miami Correctional Facility;

(8) ORDERS the Warden of the Miami Correctional Facility to respond to the request for preliminary injunction contained in David Clayton's complaint and file an affidavit or declaration with the court, explaining how David Clayton's reports of suicidal and homicidal thoughts are being treated in a manner that comports with the Eighth Amendment's requirements by **January 21, 2025**;

(9) GRANTS David Clayton until **February 7, 2025**, to file a reply to the Warden's response;

(10) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(11) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Warden of the Miami Correctional Facility, Dr. Ballard, and Dr. Verdon to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 30, 2024

                                                /s/JON E. DEGUILIO
                                                JUDGE
                                                UNITED STATES DISTRICT COURT